**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARIANO PENA,<br><br>              Petitioner,<br><br>    v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>              Respondent. | No. 13-71028<br><br>Agency No. A072-678-053<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 22, 2014**

Before:      GOODWIN, CANBY, and CALLAHAN, Circuit Judges.

    Mariano Pena, a native and citizen of Honduras, petitions for review of the

Board of Immigration Appeals' order dismissing his appeal from an immigration

judge's decision denying his application for asylum and withholding of removal.

We have jurisdiction under 8 U.S.C. § 1252.  We review for substantial evidence

---

    *      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    **      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

the agency's factual findings. *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009). We deny the petition for review.

Substantial evidence supports the agency's determination that, even if credible, Pena failed to demonstrate harm rising to the level of persecution. *See Lim v. INS*, 224 F.3d 929, 936 (9th Cir. 2000) ("Threats standing alone . . . constitute past persecution in only a small category of cases, and only when the threats are so menacing as to cause significant actual suffering or harm.") (internal quotation marks and citation omitted). Because Pena failed to demonstrate past persecution, he is not entitled to a rebuttable presumption of future persecution. *See Molina-Estrada v. INS*, 293 F.3d 1089, 1096 (9th Cir. 2002). Substantial evidence also supports the agency's finding that Pena failed to establish a well-founded fear of future persecution in Honduras. *See Halim v. Holder*, 590 F.3d 971, 976-77 (9th Cir. 2009) (petitioner failed to establish the objective component of a well-founded fear of future persecution).

Finally, because Pena failed to establish eligibility for asylum, he necessarily failed to satisfy the more stringent standard for withholding of removal. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

**PETITION FOR REVIEW DENIED.**